IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL THOMAS,

    Petitioner,               No. CIV S-08-0095 FCD GGH P

    vs.

JAMES A. YATES, et al.,

    Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1995 conviction for shooting at an inhabited dwelling and felon in possession of a firearm. Pursuant to the Three Strikes Law, petitioner is serving a sentence of 32 years to life.

    This action is proceeding on the original petition filed January 14, 2008, raising four claims. First, petitioner alleges that the sentencing court improperly imposed the upper term in violation of Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007). Second, petitioner alleges that the sentencing court violated the plea agreement by imposing the third strike sentence. Third, petitioner alleges that his sentence violates California Penal Code § 654. Fourth, petitioner alleges that his appellate counsel was ineffective for losing his transcripts.

1

1    Pending before the court is respondent's March 3, 2008, motion to dismiss on
2 grounds that this action is barred by the statute of limitations. After carefully reviewing the
3 record, the court recommends that respondent's motion be granted.
4 II.  Discussion
5    The statute of limitations for federal habeas corpus petitions is set forth in 28
6 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

18    On July 31, 1997, the California Court of Appeal affirmed petitioner's conviction.
19 Respondent's Lodged Document 2. Petitioner did not seek review in the California Supreme
20 Court. Therefore, petitioner's conviction became final when the time for seeking review expired
21 forty days later on September 9, 1997. See former Cal. Rules of Court 24, 28. Petitioner had one
22 year from September 9, 1997, to file a timely federal petition.
23    In his opposition, petitioner argues that a later trigger date for the statute of
24 limitations runs from the date Cunningham was decided pursuant to 28 U.S.C. § 2244(d)(1)(C).
25 However, in Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008) the Ninth Circuit concluded that
26 Cunningham did not announce a new rule:

> Apprendi[1], Blakely[2] and Booker[3] made "courts throughout the land' aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [Citation omitted.] No principles of comity or federalism would be served by refusing to apply this rule to functionally indistinguishable state sentencing schemes on collateral review. Cunningham thus did not announce a new rule of constitutional law and may be applied retroactively on collateral review.

Butler, 528 F.3d at 639.

In Butler, 528 F.3d at 634 n. 9, the Ninth Circuit identified the key question:

> Whether Butler asks us to apply to him a Supreme Court decision issued after his conviction became final, or to announce the very holding that the Supreme Court arrived at in a case decided after his conviction became final, we must determine whether the result he requests was "dictated" by precedent before his conviction was final. See Caspari v. Bohlen, 510 U.S. 383, 395-96, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)(determining whether the result that the petitioner was arguing for in his collateral review proceeding would require creation of a new rule in violation of Teague). The pivotal question is thus the same either way: did Apprendi, Blakely or Booker compel the conclusion that California's DSL law violates the Sixth Amendment?

In Butler, 528 F.3d at 628, in determining that Cunningham was "clearly dictated by the Supreme Court's Sixth Amendment case law, in particularl Blakely ...," the Ninth Circuit expressly noted that Blakely had been decided before Butler's conviction had become final. In the instant case, this court has found that petitioner's conviction was final on September 9, 1997, the statute of limitations expiring one year later. Assuming either Blakely's or Apprendi's applicability to the instant action, neither saves this claim as those cases were decided after petitioner's conviction became final, i.e. on June 24, 2004, and June 26, 2000.

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) held that other than the fact of a prior conviction, any fact increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

[2] Blakely v. Washington, 542 U.S. 296, 542 S.Ct. 296 (2004) held that the relevant statutory sentencing maximum is the maximum sentence a judge may impose soley based on the facts reflected in the jury's verdict or admitted by defendant.

[3] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), in addressing the constitutionality of the federal sentencing guidelines, held that if a fact necessarily results in a mandated higher sentence, the fact must be admitted by the defendant or found by the jury.

More importantly, petitioner mistakes the usual rule for applying law retroactively to the merits of an issue with the statute of limitations analysis of § 2244(d)(1)(C). The latter analysis has a dual requirement: 1) a newly recognized rule; and 2) made retroactive to cases on collateral review. Apprendi, Blakely and Booker were determined to be new rules, but not retroactive, thereby not satisfying the second requirement.[4] Cunningham has been determined to be retroactive to cases on collateral review, but not a new rule, thereby not satisfying the second requirement. Therefore, the alternative start date of subsection (C) for petitioner's case is not implicated by any of the cases. The statute of limitations analysis is governed by the "usual" rule – subsection (A).

Accordingly, the instant petition is untimely unless petitioner is entitled to statutory or equitable tolling.

28 U.S.C. § 2254(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Petitioner filed his first state habeas petition in the Sacramento County Superior Court on April 10, 2007. Respondent's Lodged Document 3. Because petitioner did not begin his post-conviction challenges until after the statute of limitations ran, he is not entitled to statutory tolling. Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001).

The court now considers whether petitioner is entitled to equitable tolling. The one year statute of limitations for filing a habeas petition may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The prisoner must show that the

---

[4] See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir.)(Apprendi not retroactive), cert. denied, 546 U.S. 944, 126 S.Ct. 442 (2005); Schardt v. Payne, 414 F.3d 1025, 1033-1038 (9th Cir. 2005)(Blakely is not retroactive); U.S. v. Cruz, 423 F.3d 1119 (9th Cir. 2005)(Booker not retroactive).

"extraordinary circumstances" were the cause of his untimeliness. Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Id. Determining whether equitable tolling applies is a "fact-specific" inquiry. Fry v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

       Petitioner argues that he is entitled to equitable tolling because this court failed to stay a habeas petition he previously filed in this court, CIV S-98-2109 LKK GGH P. Petitioner argues that had this earlier petition been stayed, then the claims raised in the instant action would not be barred by the statute of limitations.

       None of the claims raised in CIV S-98-2109 LKK GGH P were exhausted. Respondent's Lodged Document No. 10. This court had and has no authority to stay a federal petition containing only unexhausted claims. In Rhines v. Weber, 554 U.S. 269, 125 S.Ct. 1528 (2005) the Supreme Court found that district courts had the authority to stay mixed petitions in limited circumstances. Prior to that time, district courts could stay exhausted petitions while the petitioner exhausted additional claims. Calderon v. U.S.D.C. (Taylor), 134 F.3d 981, 984-85 (9th Cir. 1998). Therefore, this court did not err by not authorizing a stay of CIV S-98-2109 LKK GGH P.

       Petitioner also argues that he is entitled to equitable tolling because his state appellate counsel lost his transcripts. Attached to the petition as an exhibit is a letter to petitioner from his appellate counsel dated April 21, 1998. Court file no. 1, p. 43 of 111. In this letter, counsel states that she mailed the transcripts to petitioner on August 11, 1997, but they were refused by prison authorities and returned to counsel. Id. The letter goes on to state that counsel sent them to petitioner again on September 10, 1997. Id. She does not know where the transcripts are if petitioner did not receive them. Id.

/////

1   Also attached to the petition as an exhibit is a letter to petitioner from the Central

2  California Appellate Project (CCAP) dated June 14, 1998. This letter states that CCAP sent

3  petitioner his transcripts:

> Normally we would not be able to help you with your request except to get you a copy of the opinion (which is enclosed). However, since the transcripts Ms. Reber sent you appear to have been lost in the mail and we were able to view and copy the AG's copy before they went to archives, we have sent you another copy. This is the only copy we will be able to provide. Good luck.

7  Id., p. 47 of 111.

8   The letter to petitioner from CCAP indicates that petitioner received his

9  transcripts in June 1998. Petitioner must have had these transcripts in his possession when he

10 filed CIV S-98-2109 on September 24, 1998. Respondent's Lodged Doc. No. 9 (docket sheet for

11 CIV S-98-2109). However, after this court dismissed CIV S-98-2109 for being unexhausted,

12 petitioner did not file his first state habeas petition until April 2007. Petitioner does not explain

13 this delay. Because petitioner inexplicably waited approximately nine years to exhaust his claims

14 in state court after receiving the transcripts from CCAP, the court does not find that the loss of

15 the transcripts prevented petitioner from filing a timely federal petition.[5]

16   Petitioner also argues that he is entitled to equitable tolling because he is a

17 paraplegic who has been wheelchair bound for twenty-three years with various health problems.

18 However, petitioner does not explain how his medical problems prevented him from filing a

19 timely federal petition. Petitioner does not address why he was able to file CIV S-98-2109, but

20 then waited approximately nine years to file his first state petition.

21   Physical disabilities alone do not warrant equitable tolling where other evidence

22 shows that petitioner could still have filed a timely federal petition. See Gaston v. Palmer, 417

23 F.3d 1030, 1034-35 (9th Cir. 2005) (petitioner not entitled to equitable tolling based upon

24 physical disabilities since he prepared and filed a state habeas petition while suffering from the

---

[5] It is not clear who is responsible for the transcripts being lost, i.e. appellate counsel, the prison, the U.S. Postal Service. The court need not reach this issue.

alleged disabilities).  Accordingly, the court finds that petitioner is not entitled to equitable tolling based on his conclusory claim of medical disability.  See also Roberts v. Cockrell, 319 F.3d 690, 695 (5th Cir. 2003) (petitioner's conclusory equitable tolling claim is without merit when petitioner provided no information, such as medical records, necessary to properly address the equitable tolling issue).

Petitioner also argues that he is entitled to equitable tolling because he is not trained in the law.  Ignorance of the law is not grounds for equitable tolling.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

For the reasons discussed above, the court finds that petitioner's application for a writ of habeas corpus is barred by the statute of limitations.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's March 3, 2008, motion to dismiss (# 8) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 09/03/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

thom95.157